NO.
12-06-00276-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§

IN RE: JAMES BRYAN                   

MCPHERSON, SR.,  §          ORIGINAL PROCEEDING

RELATOR

§          

 

 



MEMORANDUM OPINION

            James Bryan
McPherson, Sr. brings this original mandamus proceeding complaining of an order
denying his motion to establish the date he received notice of judgment
pursuant to Texas Rule of Civil Procedure 306a(4).[1]  We deny the petition.

 

Background

            In October
2005, McPherson’s wife, Traci Leigh McPherson, filed for divorce.  Two months later, McPherson was served with
citation.  McPherson did not employ an
attorney to represent him in the divorce and did not file an answer.  On January 30, 2006, the trial court
signed a final decree of divorce.  On
March 22, 2006, McPherson filed a motion to establish notice of judgment
alleging that he did not receive notice or acquire actual knowledge of the
final divorce decree until March 10, 2006. 
After a hearing on McPherson’s motion, the trial court signed an order
denying McPherson’s motion and stating that January 30, 2006 would remain the
notice date to McPherson for purposes of appeal.  This original proceeding followed.

                        Discussion

            Mandamus
relief is available if the trial court abuses its discretion, either in
resolving factual issues or determining legal principles, when there is no
adequate remedy by appeal.  Walker
v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  With respect to the resolution of factual
issues or matters committed to the trial court’s discretion, we may not
substitute our judgment for that of the trial court unless the relator
establishes that the trial court could reasonably have reached only one
decision and that the trial court’s decision is arbitrary and unreasonable.  Id.  

            In the
instant case, McPherson implicitly argues that the testimony at the hearing on
his motion to establish notice of judgment conclusively established that he did
not receive notice of the final divorce decree until March 10, 2006.  However, the record of the hearing includes
conflicting testimony on the issue. 
McPherson testified unequivocally that he had never seen the notice and
was not aware that a divorce decree had been entered until “Traci left it on
the table on Friday the 10th [of March].” 
Traci testified that McPherson still gets mail at her house and that if
she sees something in the mailbox addressed to him, she leaves it there.  She stated that in the past when she has left
McPherson’s mail in the mailbox, she has gone back later and the mail would be
gone.  Finally, Traci testified that the
clerk’s notice came to her house and was addressed to McPherson, so she left it
in the mailbox without opening it. 
Sometime later, she went back to the mailbox and the notice was gone.  She assumed McPherson had picked up the
notice because “he drives out that direction.” 
Because of this conflicting testimony, McPherson cannot establish that
the trial court could reasonably have reached only one decision about the date
he received notice or acquired actual knowledge of the January 30, 2006
divorce decree.  Therefore, he has not
shown that the trial court abused its discretion in denying his motion to
establish notice of judgment.

 

Conclusion

            Because
McPherson has not shown that the trial court abused its discretion in denying
his motion to establish notice of judgment, he is not entitled to mandamus
relief.  Consequently, we need not
address whether McPherson has an adequate remedy by appeal.  See Tex.
R. App. P. 47.1.  McPherson’s petition
for writ of mandamus is denied. 


 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

Opinion delivered January 24,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

(PUBLISH)











[1] The
respondent is the Honorable Teresa A. Drum, Judge of the 294th Judicial
District Court, Van Zandt County, Texas. 
The real party in interest is Traci Leigh McPherson.